STATE OF NORTH CAROLINA v. STEWART W. FENNER

No. 802SC973

(Filed 3 March 1981)

**Automobiles § 127.1– driving under the influence – sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution of defendant for driving under the influence, second offense, where three competent witnesses who observed defendant shortly after he had been seen operating a vehicle on a highway testified that, in their opinion, he was intoxicated; they described his physical condition at the time in terms that tended to show a state of intoxication; defendant had obviously attempted to avoid an officer's routine roadblock; when defendant was pursued and stopped by a trooper who detected the odor of alcohol about defendant, he refused to take any sobriety tests, including the breathalyzer test; empty beer cans and cold beer were present in defendant's van; it was not necessary for the State to show "faulty driving" on the part of defendant; and defendant had one conviction of driving under the influence in 1956 or 1957 and another conviction for driving under the influence in 1978.

APPEAL by defendant from *Brown, Judge*. Judgment entered 19 August 1980 in Superior Court, TYRRELL County. Heard in the Court of Appeals 12 February 1981.

Defendant was convicted of a violation of G.S. 20-138(a) (second offense) on evidence tending to show that he operated a vehicle along U.S. Highway 64 west of Columbia while under the influence of intoxicating liquor. Judgment imposing a jail sentence was entered.

*Attorney General Edmisten, by Assistant Attorney General Lucien Capone III, for the State.*

*Moore and Moore, by Regina A. Moore, for defendant appellant.*

VAUGHN, Judge.

In his only assignment of error, defendant contends that his motion for dismissal should have been allowed. We hold that when the evidence in this case is considered in the light most favorable to the State, the State being entitled to the benefit of every reasonable inference arising therefrom, it was sufficient to survive defendant's motion and allow the case to be decided by the jury.

The evidence, in pertinent part, tends to show the following. On 11 July 1980, officers of the highway patrol were operating a routine checking station on U.S. Highway 64 west of Columbia. Defendant approached the roadblock in his van. Defendant then drove the van to the shoulder of the highway and headed in the opposite direction at a slow rate of speed. There was nothing else suspicious about the way the vehicle was being operated. One of the troopers pursued and stopped him. That officer testified that defendant

> had a strong odor of intoxicant upon his breath. He was unsteady on his feet, had a little rocky motion going back and forth. His eyes were blood shot and glassy. It is my opinion that Mr. Fenner was under the influence ... right beside the driver's seat was a cold can of beer. Behind him was two or three empty cans in a box.

Defendant refused to do any of the sobriety tests.

Another witness who saw defendant as the trooper brought him into the sheriff's office testified:

> My best recollection is that Mr. Fenner had the odor of alcohol about him and his eyes were a little glazed. He expressed his feelings very very clearly. I saw Mr. Fenner moving about. I have known Mr. Fenner 16 months and in my opinion he was under the influence to an appreciable degree.

The breathalyzer operator at the sheriff's office testified:

> When the machine was ready I offered to give the test to Mr. Fenner and he refused the test because he stated he had been tricked by the machine in Plymouth. I knew Mr. Fenner before and I have seen Mr. Fenner when in my opinion he was under the influence and I have seen him when in my opinion he was not under the influence.
>
> On this occasion I smelled a strong odor of some intoxicant about his person. He seemed to be unsteady on his feet a little bit not as much as I have seen him in the past. It is my opinion that Mr. Fenner was under the influence to an appreciable degree.

In summary, three competent witnesses who observed the defendant shortly after he had been seen operating a vehicle on the highway testified that, in their opinion, he was intoxicated. They described his physical condition at the time in terms that tended to show a state of intoxication. That testimony, along with his obvious attempt to avoid the roadblock, his refusal to take any of the sobriety tests, including the breathalyzer, and the presence of the empty beer cans and cold beer, is sufficient to permit but not compel, the jury to infer that he was under the influence of some intoxicant. It was not necessary for the State to show "faulty driving" on the part of defendant. It needed only to show that defendant was under the influence while he operated the vehicle.

It is true that defendant elicited and offered testimony tending to show that he was not guilty. According to that testimony, he had had nothing to drink that day. The odor the officer smelled was mouthwash, the cold beer belonged to a man who had been riding with him, the empty cans were for sale, and he has difficulty getting around because of a broken leg, a broken

foot and other ailments. He did not recognize the roadblock, but merely turned around in the highway to return to a nearby store because he had forgotten an item. He had one conviction of driving under the influence in 1956 or 1957, a conviction in 1976 for driving while his license was revoked and another conviction for driving under the influence in 1978.

The State's evidence tended to show guilt, and defendant's evidence tended to show innocence. The case thus presented a question of fact for the jury and not merely one of law for the court. Defendant's assignment of error, consequently, must be overruled.

No error.

Judges WELLS and BECTON concur.